UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| L.W., a minor, by and through his parents ) | |
| SAMUEL and TINA WHITSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:05-CV-274 |
| ) | (Phillips) |
| KNOX COUNTY BOARD OF EDUCATION, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff L.W., a minor, challenges the action and policy of defendants Knox County Board of Education, Superintendent Charles Lindsey, and Principal Cathy Summa, that served to preclude L.W., as well as other students at Karns Elementary School (KES) from reading and discussing the Bible with friends during recess. L.W. has sued defendants alleging school officials' actions have violated his rights under the Free Speech Clause, the Free Exercise Clause, the Establishment Clause, the Due Process Clause, and the Equal Protection Clause. Defendant Cathy Summa has brought a $3,000,000 counterclaim against plaintiff, alleging she has been the victim of libel and slander. Plaintiff has moved for dismissal of Summa's counterclaim. Defendant Summa has moved for partial summary judgment as to liability regarding her counterclaim. For the reasons which follows, plaintiff's motion for dismissal of the counterclaim will be granted.

## Background

L.W. is the eleven year old son of Tina and Samuel Whitson. Plaintiff filed the underlying lawsuit against the Knox County Board of Education, Superintendent Charles Lindsey, in his official capacity, and Cathy Summa, in her individual and official capacity as principal of Karns Elementary School (KES), based on their policies and practice that prohibit L.W. from reading and discussing the Bible with friends in the corner of a playground area during recess time at KES.

Defendant Cathy Summa filed a counterclaim against L.W. alleging libel and slander. Specifically, Summa alleges that plaintiffs made defamatory statements in the complaint and communicated them to the press and media.

Plaintiff has moved to dismiss Defendant Summa's counterclaim for (1) lack of subject matter jurisdiction, and (2) for failure to state a claim upon which relief can be granted

## Analysis

Plaintiff has moved for dismissal of Summa's counterclaim. A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of her claims that would entitle her to relief. *Meador v. Cabinet for*

*Human Resources,* 902 F.2d 474, 475 (6th Cir.) *cert. denied,* 498 U.S. 867 (1990). The court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

L.W. avers the counterclaim should be dismissed because this court lacks independent subject matter jurisdiction to hear the case. The counterclaim is a permissive counterclaim and thus this court needs an independent basis for subject matter jurisdiction. L.W. asserts that an independent basis for jurisdiction does not exist for Summa's defamation claim as it does not involve a federal question, nor is there diversity among the parties. In addition, L.W. avers the counterclaim should be dismissed as it fails to state a claim upon which relief can be granted.

The court agrees that the counterclaim must be dismissed because it lacks an independent jurisdictional basis. In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other

-3-

Case 3:05-cv-00274   Document 101   Filed 09/06/06   Page 3 of 6   PageID #: 65

claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. 28 U.S.C. § 1367. If a counterclaim is "so related" to the claims within the original jurisdiction of the court that they form part of the "same case or controversy," then it is considered to be a compulsory counterclaim under Fed.R.Civ.P. 13(a). However, a counterclaim that is not "so related" is considered to be a permissive counterclaim, which requires an independent basis of jurisdiction. Fed.R.Civ.P. 13(b). *See Maddox v. Kentucky Finance Co.,* 736 F.2d 380 (6th cir. 1984).

Summa's counterclaim is permissive as it does not have a logical relationship with the underlying claims. The underlying claims are constitutional claims, which are based on school policies and the statements and actions of school officials. The counterclaim, however, is based wholly on state law. The relevant inquires will be whether L.W., not his parents or attorneys, communicated statements to a third party about Summa that were libelous and damaging. The underlying claims and the counterclaim present different legal, factual and evidentiary questions. The court finds that Summa's counterclaim does not have an independent jurisdictional basis. Defamation is a state law issue, and there is no diversity jurisdiction as the parties are all from Tennessee. Consequently, the court lacks subject matter jurisdiction over Summa's counterclaim. *See Harris v. Steinem,* 571 F.2d 119, 123 (2nd Cir. 1978) (applying logical relationship test and holding that defamation counterclaim based on filing of complaint itself, plus subsequent claim of libel, was correctly dismissed as "permissive" and lacking of independent jurisdictional basis).

In the alternative, the court also finds that Summa's counterclaim fails to state a cause of action against L.W. The underlying complaint was brought by a single plaintiff, L.W., a minor male. He is the real party in interest in this case. *See Helminski v. Ayerst Laboratories, a Div. of American Home,* 766 F.2d 208 (6th Cir. 1985) (stating that minor is the real party in interest in a suit brought by a next friend). The counterclaim asserts that "plaintiffs" knew that the allegations in the complaint were false, and yet "they" continued to go to the press and news talk shows; and the "plaintiffs" continued to make false claims against Cathy Summa. Summa also pins blame on an unidentified "she." Thus, the counterclaim fails to properly identify the publisher of any alleged defamatory statements.

Nor does the counterclaim identify any defamatory statements uttered by L.W. Presumably, the counterclaim refers to statements made by L.W.'s parents, Tina and Samuel Whitson, or their attorneys. However, even if L.W.'s parents or attorneys made statements to the media which constituted defamation, L.W. is not liable for such statements. A minor cannot be held liable for torts, including defamation, committed by a minor's agent or servant. *See Messer v. Reid,* 208 S.W.2d 528, 530 (Tenn. 1948) ("It is uniformly held that an infant is not liable for torts committed by his agent or servant"). Thus, even if Summa were successful on all her allegations, L.W. would not be liable. Summa's counterclaim fails to allege the essential elements of a defamation claim, that L.W., a ten-year old boy, made a statement that was false, defamatory, published the statement, knew it was false, and caused injury to Summa. Accordingly, Summa has failed

to state a claim for which relief can be granted against L.W., and her counterclaim will be dismissed.

## Conclusion

For the reasons stated above, plaintiff's motion for dismissal of Cathy Summa's counterclaim [Doc. 19] is **GRANTED**, and the counterclaim is hereby **DISMISSED WITH PREJUDICE**. Defendant Summa's motion for partial summary judgment as to liability regarding her counterclaim [Doc. 79] is **DENIED.**

**IT IS SO ORDERED.**

ENTER:

s/ Thomas W. Phillips
United States District Judge