UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| L.W., a minor, by and through his parents ) | |
| SAMUEL and TINA WHITSON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:05-CV-274 |
| ) | (PHILLIPS/GUYTON) |
| KNOX COUNTY BOARD OF ) | |
| EDUCATION, CHARLES LINDSEY, ) | |
| in his official capacity as Superintendent of ) | |
| Knox County Public School System, and ) | |
| CATHY SUMMA, in her official capacity ) | |
| as Principal of Karns Elementary School, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This civil action is before the Court pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the Orders [Docs. 131, 141] of the Honorable Thomas W. Phillips, United States District Judge, for disposition of the defendants' Motion in Limine [Doc. 126] and Motion to Strike Exhibits "J", "K", "N", and "O" of Plaintiff's Response to Defendant's Motion for Summary Judgment [Doc. 130], and the plaintiff's Motion to Strike Reply in Support of Defendant's Motion in Limine. [Doc. 135] On January 2, 2008, the parties appeared before the Court for a hearing on the instant motions. Attorneys Nathan W. Kellum and Charles W. Pope, Jr., appeared on behalf of the plaintiffs, and attorneys Martha McCampbell, Gary Prince, and P. Alexander Vogel appeared on behalf of the defendants. The Court will address each motion in turn.

**I.    Defendants' Motion in Limine [Doc. 126]**

The defendants move the Court to preclude the plaintiffs from presenting the May 14, 2005, Knoxville News Sentinel article and the May 13, 2005, WATE-TV website news article

identified on the plaintiffs' exhibit list at trial. The defendants contend that the exhibits are inadmissible hearsay and thus should be excluded at trial. The plaintiffs oppose the motion, contending that statements in the newspaper represent admissions by a party opponent and that the authors of the articles will testify at trial as to the authenticity and reliability of each article, thus allowing their admission.

The Court notes that on September 6, 2006, Judge Phillips denied a similar motion, but the Court also notes that ruling was in relation to a Motion for Preliminary Injunction during the initial stages of the litigation, not in relation to the admissibility of evidence at trial. Thus, the Court finds it appropriate to consider the instant motion in light of the current stage of litigation.

Rule 403 of the Federal Rules of Evidence allows a court to exclude evidence if the admission of that evidence would serve to prejudice a party, confuse the jury, is needlessly duplicative, or otherwise results in a waste of time. During the hearing, the plaintiffs advised the Court that the authors of the articles in question would be appearing at trial and would be testifying as to the facts related by the news articles in question. Additionally, the parties advised the Court that the individuals quoted in the articles would also be available at trial. Given that the individuals behind the articles will be available at trial, the Court finds that the presentation of the news articles to the jury would be needlessly duplicative, would result in a waste of time, and that the small probative value of this duplicative evidence is greatly outweighed by the chance of unfair prejudice to the defendants. Accordingly, the defendants' motion [Doc. 126] is hereby **GRANTED**. The parties shall be precluded from relying on the May 14, 2005, Knoxville News Sentinel article and the May 13, 2005, WATE-TV website news article identified on the plaintiffs' exhibit list at trial.

**II.   Defendants' Motion to Strike Exhibits "J", "K", "N", and "O" of Plaintiff's Response to Defendant's Motion for Summary Judgment.  [Doc. 130]**

The Court notes that the District Court has ruled on the Defendant's Motion for Summary Judgment.  Accordingly, the Defendant's Motion to Strike [Doc. 130] is **DENIED as moot**.

**III.   Plaintiffs' Motion to Strike Reply in Support of Defendant's Motion in Limine. [Doc. 135]**

The plaintiffs move the Court to strike the defendants' reply [Doc. 134] to the plaintiffs' response [Doc. 127] to the defendants' Motion in Limine. [Doc. 100]  The Court notes that the defendants' reply purports to be in response to the motion in limine, which addressed the May 13 and 14, 2005 news articles, but the reply actually discusses plaintiffs' exhibits J, K, N, and O, the topic of the defendants' Motion to Strike [Doc. 130].  The plaintiffs did not respond to the defendants Motion to Strike, thus there was no need for a reply brief relating to the motion to strike exhibits J, K, N, and O.  Accordingly, the plaintiffs' motion [Doc. 135] is hereby **GRANTED**.  The defendants' reply brief [Doc. 134] shall be striken from the record.

**IT IS SO ORDERED.**
                                                                                 **ENTER:**

                                                                      ____s/ H. Bruce Guyton____
                                                                      United States Magistrate Judge