UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| L.W., a minor, by and through his parents SAMUEL and TINA WHITSON, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | No. 3:05-CV-274 (PHILLIPS/GUYTON) |
| KNOX COUNTY BOARD OF EDUCATION, CHARLES LINDSEY, in his official capacity as Superintendent of Knox County Public School System, and CATHY SUMMA, in her official capacity as Principal of Karns Elementary School, ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This civil action is before the Court pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the Order [Doc. 192] of the Honorable Thomas W. Phillips, United States District Judge, for disposition of non-party Ericka Mellon's Motion to Quash Subpoena and for Protective Order. [Doc. 189] On March 24, 2008, the parties appeared before the Court for a hearing on the instant motion. Attorney Richard Hollow appeared on behalf of Ms. Mellon, attorneys Martha McCampbell and Gary Prince appeared on behalf of the defendants, and attorney Jonathan Scruggs appeared on behalf of the plaintiffs.

Ms. Mellon moves the Court to quash a deposition subpoena served on her by the plaintiffs, with the deposition set to occur on March 26, 2008, in Houston, Texas.[1] As grounds, Ms. Mellon

---

[1] Ms. Mellon, formerly a newspaper reporter in Knoxville, currently resides in Houston, where she continues to work as a newspaper reporter.

states that the plaintiffs seek to depose Ms. Mellon regarding a newspaper article[2] she authored in May, 2005, on matters at issue in this litigation. Ms. Mellon argues that Tennessee's Shield Law protects her from having to testify in this matter, and further argues that, even if Tennessee's Shield Law does not apply, that the deposition should still be quashed under the standards established by Rule 26(b)(2) of the Federal Rules of Civil Procedure. The plaintiffs oppose the motion, arguing that under Rule 501 of the Federal Rules of Evidence, it is federal common law, not Tennessee Law, that controls, and that the Sixth Circuit does not recognize a reportorial privilege. Plaintiffs further argue that under Rule 26, the discovery sought is highly necessary for plaintiffs' case and unavailable from other sources, and thus the deposition should be permitted.

Under Rule 501 of the Federal Rules of Evidence, questions of privilege are generally controlled by federal common law when the court's jurisdiction is based upon a federal question, but state law generally controls when the court is exercising diversity jurisdiction. Fed. R. Evid. 501. In the instant case, the Court is faced with several federal claims, but plaintiff also relies in part on claims under the Tennessee Constitution, thus there is a mix of state and federal claims. The Sixth Circuit has held that, when faced with a combination of federal claims and pendent state law claims, federal common law controls under Rule 501. Hancock v. Dodson, 958 F.2d 1367, 1372-73 (6th Cir. 1992) ("Since the instant case is a federal question case by virtue of the appellant's section 1983 claim, we hold that the existence of pendent state law claims does not relieve us of our obligation to apply the federal law of privilege."). Given the federal claims raised by the plaintiffs, the Court accordingly finds that the instant motion must be resolved under federal, not state, law.

---

[2]The Court notes, for the sake of reference, that the newspaper article at issue was filed by the plaintiffs in conjunction with their motion for preliminary injunction. [Doc. 21, Exhibit G]

2

Turning next to the question of whether there is a reportorial privilege in the Sixth Circuit, the Court finds that there is not. The Sixth Circuit has clearly recognized that reporters do not possess a special privilege against being compelled to testify. In re Grand Jury Proceedings, 810 F.2d 580, 584-85 (6th Cir. 1987). Rather, the Court must apply the balancing test established by Rule 26. In re DaimlerChrysler AG Securities Litigation, 216 F.R.D. 395 (E.D. Mich. 2003) (finding that the Sixth Circuit does not recognize a general reportorial privilege, but quashing a deposition subpoena of a reporter under Rule 26 as unduly burdensome and duplicative). Under Rule 26(b)(2)(C):

> [t]he frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

During the motion hearing, defense counsel stated that all of the individuals referenced in the article have been deposed in this matter, and that none of those individuals have refuted the article during their depositions. Additionally, Ms. Mellon's counsel stated that Ms. Mellon was deposed in this matter by the plaintiffs on May 26, 2006, during which Ms. Mellon answered several questions as to the veracity of the article.[3] Ms. Mellon's counsel also stated that the deposition

---

[3]A copy of the transcript from Ms. Mellon's May 26, 2006, deposition has been filed. [Doc. 190, Exhibit B]

would pose a significant hardship for Ms. Mellon, as it would necessarily require Ms. Mellon to miss work, as well as requiring Ms. Mellon to incur additional expenses associated with an attorney traveling out of state to attend a deposition.

In contrast, the plaintiffs argue that the previous deposition of Ms. Mellon is of no use at trial if the plaintiffs cannot also introduce the underlying newspaper article, and thus that they need to conduct a second deposition in light of the Court's Order precluding the introduction of the newspaper article as an exhibit at trial. The plaintiffs contend that the information they seek from Ms. Mellon cannot be obtained from any other source, and that the information sought is essential to their case.

With these facts in mind, the Court turns to the Rule 26 factors. Under the first factor, the Court finds that the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive. Specifically, the Court finds that the plaintiffs have failed to show that Ms. Mellon posses any unique evidence not addressed during Ms. Mellon's previous deposition or otherwise available from the individuals referenced in the article. There is no evidence that any of the individuals referenced in the newspaper articles have denied making the statements attributed to them in the article, and thus Ms. Mellon's second deposition would be cumulative to her own previously given deposition and that of the other witnesses.

With respect to the second factor, the Court finds that the plaintiffs have had ample opportunity to obtain the information sought. The plaintiffs have previously deposed Ms. Mellon, and had ample opportunity to question her at that time, as well as ample opportunity to depose the individuals referenced in the article. With respect to the third factor, the Court finds that the burden

4

and expense of the proposed discovery outweighs its likely benefit. Given the almost three year period since the article was published, and given the plaintiffs' failure to establish the uniqueness of Ms. Mellon's additional testimony, the Court finds that the likely benefit of this deposition would be small, and that any likely benefit is outweighed by the cost in time and money to Ms. Mellon posed by the deposition.

Thus, the Court finds that all of Rule 26 factors weigh in favor of Ms. Mellon, and, accordingly, Ms. Mellon's motion is hereby **GRANTED**. The deposition of Ms. Mellon scheduled for March 26, 2008, is hereby **QUASHED**.

**IT IS SO ORDERED.**

**ENTER:**

s/ H. Bruce Guyton
United States Magistrate Judge