UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| L.W., a minor, by and through his parents SAMUEL and TINA WHITSON, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:05-CV-274 ) (PHILLIPS/GUYTON) |
| KNOX COUNTY BOARD OF EDUCATION, CHARLES LINDSEY, in his official capacity as Superintendent of Knox County Public School System, and CATHY SUMMA, in her official capacity as Principal of Karns Elementary School, | ) ) ) ) ) ) ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

This civil action is before the Court pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the Orders [Docs. 186, 187, 188, 208] of the Honorable Thomas W. Phillips, United States District Judge, for disposition of the plaintiffs' Motions in Limine [Docs. 159, 172, 173, 174, 175, 178, 180] and Motion to Have Requests Deemed Admitted, or, in the Alternative, Compel Further Response [Doc. 182]; and the defendants' Motions in Limine [Docs. 169, 170], Motion to Strike, [Doc. 184], and Motion to Amend/Revise Defendants' Final Exhibit List. [Doc. 207]  On May 19, 2008, the parties appeared before the Court for a hearing on the instant motions.  After the hearing, the Court took the motions under advisement, and they are now ripe for adjudication.  The Court will address each of the motions in turn.

**I.     Plaintiff's Motions Regarding Martha McCampbell [Docs. 159, 175]**

Initially, the Court notes that, except as it pertains to Martha McCampbell, the plaintiffs have withdrawn their first motion in limine [Docs. 159, 199] With respect to Martha McCampbell, the plaintiffs move the Court to exclude attorney McCampbell from being called as a witness, arguing that it is improper for an attorney to appear as a witness in this matter while actively representing the defendants. [Doc. 159] The plaintiffs also move the Court to preclude attorney McCampbell from sharing her personal knowledge with the jury in the form of argument. [Doc. 175] The Court notes that attorney McCampbell has requested to withdraw from the case as an attorney of record. [Doc. 213] Accordingly, the plaintiffs' motions [Docs. 159, 175] are hereby **DENIED as moot**.

**II.    Defendants' Motion in Limine Regarding Designation of Affidavits for Admission at Trial [Doc. 169] and Plaintiff's Motion in Limine Regarding Designation of Affidavits and Deposition Transcripts for Admission at Trial. [Doc. 180]**

The plaintiffs and the defendants both move the Court to exclude certain affidavits and deposition transcripts from introduction at trial. During the hearing, the parties indicated that each party designated the affidavits and deposition transcripts at issue in the event that the witnesses were to become unavailable at trial. The parties also stated that the individuals associated with the transcripts and affidavits at issue would be available at trial, baring any unforeseen circumstances.

The Court finds that, at this time, the witnesses at issue do not qualify as unavailable witnesses under Rule 804 of the Federal Rules of Evidence, and thus the affidavits and deposition transcripts at issue are inadmissible at trial. Accordingly, the defendants' motion [Doc. 169] and the plaintiffs' motion [Doc. 180] are hereby **GRANTED**. Should one of the individuals at issue become unavailable to appear at trial, the appropriate party may raise that issue at that time.

### III. Defendants' Motion in Limine Regarding Designation of Affidavits for Admission at Trial and Designation of a Videotape of WATE-TV Newscasts. [Doc. 170]

The defendants next move the Court to exclude several affidavits designated on the plaintiffs' Final Exhibit List [Doc. 148, at p. 2, items a through j] as documents the plaintiffs may seek to introduce at trial should the need arise. The defendants also seek to exclude from trial a videotape of WATE-TV newscasts designated by the plaintiffs. The defendants contend that the affidavits are inadmissible because the witnesses do not qualify as unavailable under Rule 804 of the Federal Rules of Evidence, and the defendants further argue that the videotape is inadmissible hearsay.

During the hearing, the plaintiffs stated that the affidavits at issue were designated only to cover the possible unavailability of the witnesses at trial, and further indicated that the plaintiffs anticipated the individuals at issue to appear at trial. The Court finds that, at this time, the witnesses at issue do not qualify as unavailable witnesses under Rule 804 of the Federal Rules of Evidence, and thus the affidavits at issue are inadmissible at trial. Accordingly, the defendants' motion [Doc. 170] is **GRANTED** as to the affidavits at issue.

As to the newscast, the plaintiffs contend that the portions of the newscast depicting the testimony of Ms. Summa, a defendant in this matter, and Mr. Oaks, an agent of defendant Knox County Board of Education, are admissions by party opponents, and thus are not considered hearsay under Rule 801 of the Federal Rules of Evidence. The plaintiffs further argue that the other portions of the newscast are not being presented for the truth of the matter asserted, but are instead being offered only to provide context for the statements of Ms. Summa and Mr. Oaks. The defendants contend that the statements made on the videotape are not against the defendants' interest, and thus do not fall under Rule 801.

In addressing this issue, the Sixth Circuit has previously held that:

> On its face, Rule 801(d)(2) does not limit an admission to a statement against interest. Furthermore, this court has refused to place such a limited construction on the scope of an admission. In United States v. Sloan, 833 F.2d 595, 601 (6th Cir. 1987), this court concluded that a defendant's testimony to a grand jury was admissible under Rule 801(d)(2) despite the fact that the testimony denied rather than admitted the allegations that the prosecution were attempting to prove.

United States v. Turner, 995 F.2d 1357, 1363 (6th Cir. 1993). Another court described the issue in this manner:

> The statement of a party may be introduced as an admission only when offered *against* that party. This principle is reflected by the standard but often unanalyzed objection that such testimony by a party constitutes a "self-serving declaration." Some confusion arises by reason of the fact that, to be admissible, a party's out-of-court statement need not have been against his interest when made. But it may not be offered in his *favor*, but only *against* him.

United States v. Phelps, 572 F. Supp. 262, 265 (E.D. Ky. 1983) (emphasis in original) (internal citations omitted). Thus, it is irrelevant whether the statements at issue are, or are not, against the defendants' interest, as the statements were made by the defendants, or an agent of the defendants, and they are being introduced against the defendants. Thus, the Court finds that the portions of the newscast at issue depicting the statements of Ms. Summa and Mr. Oaks are admissible under Fed. R. Evid. 801(d)(2).

As to the other portions of the videotape, the portions the plaintiffs seek to introduce to place the comments of Ms. Summa and Mr. Oaks in context, the Sixth Circuit addressed a somewhat similar situation in the case of United States v. McDowell, 918 F.2d 1004 (6th Cir. 1990). In McDowell, the Sixth Circuit addressed the admissibility of an audio recording of a conversation between the defendant and a third party. Id. at 1007–08. The court held that, as to the statements

4

of the defendant, the tape was admissible as admissions against interest under Fed. R. Evid. 801(d)(2). Id. at 1007. As to the statements of the third party, the court ruled that:

> [The defendant's] own statements could, of course, be used against him; his part of the conversation was plainly not hearsay. Nor can a defendant, having made admissions, keep from the jury **other segments of the discussion reasonably required to place those admissions into context**. In this instance, the other parts of the conversations were properly admitted as "reciprocal and integrated utterances" to put [the defendant's] statements into perspective and make them "intelligible to the jury and recognizable as admissions." Moreover, because [the third party's] statements were introduced only to establish that they were uttered and to give context to what [the defendant] was saying, they were not hearsay at all.

Id. at 1007-08 (emphasis added) (internal citations omitted). Thus, under Sixth Circuit law, other segments of a discussion reasonably required to place a party's admissions into context are admissible.

However, turning to the instant case, the facts in McDowell differ slightly from those before the Court. The McDowell court was faced with an audio recording of a conversation between two individuals. Given that the conversation in McDowell consisted of communications from each of the two parties to the other, the statements of both the defendant and the third party were needed for the conversation as a whole to make sense. In the instant case, there is no such conversation. Rather, after viewing the newscasts at issue, the Court finds that the portions of the newscast that do not depict the statements of Ms. Summa and Mr. Oaks are not "other segments of [a] discussion reasonably required to place [Ms. Summa's and Mr. Oaks'] admissions into context," but are instead representative of voice-over comments of the newscaster, the statements of plaintiffs' counsel, and the statement of an individual identified only as "the mother of two students at Karns."

Had the newscast at issue consisted of a conversation between a reporter and the defendants, then the newscast would have satisfied the requirements of McDowell. Such is not the case here. The comments by the reporter in the videotape are, other than having been edited into the same news segment, completely unconnected to the comments of Ms. Summa and Mr. Oaks, and are not necessary to place the statements of Ms. Summa and Mr. Oaks into context. As for the other statements on the newscast, as the Court noted above, such out of court statements cannot be introduced for the party who made the statements, but only against them. Thus, to the extent that the unidentified individual might be Ms. Whitson, and to the extent that the statements of plaintiffs' counsel were made by counsel acting as an agent of the plaintiffs, the statements do not qualify under Rule 801(d)(2). Nor are the statements part of a discussion with Mr. Oaks and Ms. Summa, such that the entire discussion would be admissible to place the conversation in context. Rather, as with the comments of the reporter, the additional comments are, other than having been edited into the same news segment, completely unconnected to the comments of Ms. Summa and Mr. Oaks.

Accordingly, the Court finds that the portions of the newscast depicting the statements of Ms. Summa and Mr. Oaks are admissible. The Court further finds that the portions of the newscast not depicting the statements of Ms. Summa and Mr. Oaks are not part of a discussion with Ms. Summa or Mr. Oaks, nor are the additional portions of the newscast needed to place the comments of Ms. Summa and Mr. Oaks in context. Additionally, the Court finds that the admission of the additional portions of the videotape would be unduly prejudicial, and, given plaintiffs' counsels' statements during the newscast as to the law, would invade the province of the District Court in instructing the jury as to the law, and would invade the province of the jury by applying the facts to the law and thus resolving the matter without the assistance of the jury. For these reasons, the Court finds that

6

the portions of the newscast which do not depict the statements of Ms. Summa and Mr. Oaks are not admissible. Therefore, as to the WATE-TV newscast, the defendants' motion [Doc. 170] is **DENIED in part**, to the extent that the portions of the newscast depicting the statements of Ms. Summa and Mr. Oaks are admissible, and **GRANTED in part**, to the extent that the remainder of the newscast is inadmissible.[1] To the extent that any introduction to the statements of Ms. Summa and Mr. Oaks is needed, plaintiffs counsel may indicate that they are presenting segments from a news report containing statements made by Mr. Oaks and Ms. Summa, identifying each individual as necessary, in relation to the matters at issue in this case.

## IV.     Plaintiffs' Motion in Limine as to Plaintiffs' Private Investigator [Doc. 172]

The plaintiffs next move the Court to preclude the defendants from calling an individual the defendants identified on their final witness list as "Plaintiff's Investigator." The plaintiffs contend that any work done by their investigator is protected under the work product doctrine, and thus inadmissible. It has previously been held in this district that the work of an investigator hired in anticipation of litigation is protected under the work product doctrine. Boling v. First Utility District of Knox County, No. 3:97-CV-832, 1998 U.S. Dist. LEXIS 21157, at *14 (E.D. Tenn. Oct. 5, 1998). Accordingly, the plaintiffs' motion [Doc. 172] is hereby **GRANTED**. The defendants are precluded from calling the plaintiff's investigator at trial.

## V.     Plaintiffs' Motion in Limine as to Attorneys' Fees [Doc. 173]

The plaintiffs next move the Court to preclude the defendants from referencing the subject of attorneys' fees in the presence of the jury. The plaintiffs contend that the issue of attorneys' fees

---

[1] Based upon the copy of the video submitted to the Court, the admissible portions of the newscast are located at the following timestamps: 1:04 through 1:19; 2:34 through 2:45; and 3:06 through 3:22.

7

is irrelevant to this stage of the proceedings and argue that any reference to the issue of attorneys' fees would be overly prejudicial and thus inadmissible. The defendants contend that the only issue driving this matter is the possiblity of damages, and attorneys' fees, claiming that all other matters have been resolved. The plaintiffs disagree, arguing that the issue of permanent injunctive relief remains to be resolved.

The Sixth Circuit has held that "It is clearly prejudicial to instruct the jury as to potential attorneys' fees when it is deciding the merits of the underlying § 1983 action." Fisher v. City of Memphis, 234 F.3d 312, 319 (6th Cir. 2000). Accordingly, the Court finds that any reference to the issue of attorneys' fees would be more prejudicial than probative, and thus is inadmissible under Fed. R. Evid. 403. Therefore, the plaintiffs' motion [Doc. 173] is hereby **GRANTED**. The defendants are precluded from referencing the subject of attorneys' fees in the presence of the jury.

**VI.   Plaintiffs' Motion in Limine as to the Alliance Defense Fund [Doc. 174]**

The plaintiffs next move the Court to preclude the defendants from referencing the entity plaintiffs' counsel works for, the Alliance Defense Fund, at trial. The plaintiffs contend that the defendants might seek to prejudice the plaintiffs by making inappropriate comments as to the Alliance Defense Fund.

The Court finds that, unless the plaintiffs somehow open the door, the Alliance Defense Fund is not relevant to the matters at issue, and thus any comments or testimony as to the Alliance Defense Fund are irrelevant and inadmissible. Accordingly, the plaintiffs' motion [Doc. 174] is hereby **GRANTED**. Other than as necessary to introduce plaintiffs' counsel to the jury, and to conduct voir dire, there shall be no reference to the Alliance Defense Fund in the presence of the jury.

8

**VII.  Plaintiffs' Motion in Limine to Exclude Press Releases [Doc. 178]**

The plaintiffs next move the Court to exclude from evidence the Alliance Defense Fund press release dated May 11, 2005, and the World News Daily press report dated May 11, 2005.[2] [Docs. 72-2, 72-3]  The plaintiffs contend that the two news reports are irrelevant, overly prejudicial, and are likely to confuse the jury.  The defendants oppose the motion, arguing that the two news reports are relevant because they show that the plaintiffs went to press before even giving the defendants an opportunity to resolve the matter.

At this time, the Court does not find a sufficient evidentiary basis for the introduction of the news releases at issue.  Accordingly, the plaintiffs' motion [Doc. 178] is **GRANTED**.  The defendants are precluded from referencing or introducing the releases at issue.  Should the defendants believe that the plaintiffs have opened the door to the introduction of the releases, the defendants may raise that issue at the appropriate time.  Such admission at trial must be left to the discretion of the District Court.

**VIII.  Plaintiffs' Motion to Have Requests Deemed Admitted or, in the Alternative, Compel Further Response [Doc. 182]**

The plaintiffs next move the Court to deem certain requests to admit as having been admitted or, in the alternative, to require the defendants to provide further responses that comply with the Federal Rules of Civil Procedure.  The defendants oppose the motion, arguing that their responses are proper.  During the hearing, the plaintiffs identified the following numbered requests to admit as still being in issue:

---

[2]The Court notes that, while the plaintiffs identify the World Daily report as being dated May 11, 2005, the report appears to have been "posted" May 12, 2005.  [Doc. 72-2]

**A.      Request Nos. 86, 87, 88, and 89**

Request numbers 86 through 89 refer to the WATE-TV newscast referenced in Section III above. The defendants' objections to these requests are **OVERRULED**. The defendants shall, on or before May 28, 2008, supplement their responses to either admit or deny request numbers 86, 87, 88, and 89.

**B.      Request Nos. 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 76, and 77**

The second group of requests refer to an article which appeared in the Knoxville News-Sentinel on May 13, 2005. The Court rules as follows with regard to the defendants' objections:

> 1. Request No. 65: The defendants' objections are **OVERRULED**. The defendants shall supplement their response to either admit or deny request number 65 on or before May 28, 2008.
>
> 2. Request Nos. 66 through 74, 76, and 77: The defendants' objections are **SUSTAINED**.

**C.      Request Nos. 101 and 103**

The third group of requests refer to a school board policy which apparently was passed after the incident which is the subject of this litigation. The Court finds that the defendants' response to request number 101 is adequate. With respect to request number 103, the defendants shall, on or before May 28, 2008, supplement their response to either admit or deny that the document/policy titled "Student Religious Expression Discretionary Time" (apparently attached to the requests as Exhibit 5) is a true and correct copy of the original document.

**D.      Request Nos. 45, 50, 55, 56, 90, 97, and 106**

With regard to the remaining requests at issue, numbered 45, 50, 55, 56, 90, 97, and 106, the Court finds that the defendants' responses are adequate.

10

Accordingly, the plaintiffs' motion [Doc. 182] is **GRANTED in part** and **DENIED in part**, to the extent set forth above.

IX.     **Defendant's Motion to Strike [Doc. 184]**

During the hearing, defense counsel indicated that this motion was now moot. Accordingly, the defendant's motion to strike [Doc. 184] is hereby **DENIED as moot**.

X.      **Defendant's Motion to Amend Final Exhibit List [Doc. 207]**

The defendants next move the Court for leave to amend the defendants' final exhibit list. The defendants seek to add to the list the plaintiffs' "entire bankruptcy action file, bearing Petition No. 3:07-bk-31680." The defendants contend that the plaintiffs' bankruptcy petition indicates a zero dollar value as the current value of the instant litigation. The defendants contend that such a filing by the plaintiff is relevant, and that the plaintiffs should be estopped from arguing that they suffered nominal damages because the bankruptcy filing evidences that no actual damages are at issue. The plaintiffs oppose the motion, arguing that the motion is untimely, that the motion fails to set forth any grounds for such amendment, and that the documents are irrelevant.

The Court notes that, as to the plaintiffs' bankruptcy petition, the only issue properly before this Court is whether the petition can be added to the defendants' final exhibit list. Accordingly, the Court rules only on that issue. A determination of whether estoppel is appropriate has not been properly raised, or referred, to this Court, and the Court will not issue an advisory opinion as to that issue.

As for whether the plaintiffs' bankruptcy petition can be added to the final witness list, the Court finds that, given that the documents at issue constitute a legal filing made by the plaintiffs, the plaintiffs were well aware of the existence of the documents at issue and will not prejudiced by

the late addition of those documents to the defendants' exhibit list in this matter. The Court further finds that, based upon the argument of defense counsel at the hearing, the defendants have established a sufficient basis for amendment of their exhibit list. Accordingly, the defendants' motion to amend [Doc. 207] is **GRANTED**. The defendants shall file an amended exhibit list on or before May 28, 2008. The plaintiffs shall have until and including May 30, 2008, to file a motion in limine as to the additional exhibit.

XI.     **Conclusion**

For the reasons set forth more fully above, the plaintiffs' motions [Docs. 159, 175] regarding Martha McCampbell are **DENIED as moot**; the plaintiffs' [Doc. 180] and defendants' [Doc. 169] motions regarding designation of affidavits and deposition transcripts are **GRANTED**; the defendants' motion in limine [Doc. 170] as to affidavits and the WATE-TV newscast is **GRANTED** as to the affidavits, and **GRANTED in part** and **DENIED in part** as to the WATE-TV newscast; the plaintiffs' motions in limine [Docs. 172, 173, 174, 178] are **GRANTED**; the plaintiffs' motion to have requests deemed admitted [Doc. 182] is **GRANTED in part** and **DENIED in part** to the extent set forth above; the defendants' motion to strike [Doc. 184] is **DENIED as moot**; and the defendants' motion to amend [Doc. 207] is **GRANTED**.

        **IT IS SO ORDERED.**

                          **ENTER:**

                              s/ H. Bruce Guyton
                            United States Magistrate Judge