UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| L.W., a minor, by and through his parents, )<br>SAMUEL and TINA WHITSON, )<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>KNOX COUNTY BOARD OF EDUCATION, )<br>    Defendant. ) | No. 3:05-CV-274<br>Judge Phillips |

## MEMORANDUM OPINION

This is an action brought under 42 U.S.C. § 1983 seeking damages for violations of L.W.'s rights under the First and Fourteenth Amendments after being told by school personnel that he could not read and discuss the bible with friends during recess. The case was tried to a jury over a three-day period and resulted in a jury verdict in favor of defendants. Plaintiffs move the court for judgment in their favor as a matter of law, pursuant to Rule 50(b), Federal Rules of Civil Procedure, or, in the alternative, for a new trial, pursuant to Rule 59(a), Federal Rules of Civil Procedure.

As grounds for the motion, plaintiffs state that: (1) undisputed evidence overwhelming shows that defendants violated L.W.'s rights by preventing him from

1

engaging in a bible study during recess; (2) defendants stopped the bible study pursuant to their policy, practice and custom of defining recess as instructional time; (3) plaintiff was denied a bench trial; (4) admission of Chad Spark's testimony was erroneous; (5) refusal to instruct the jury regarding exhaustion of administrative remedies was erroneous.

### **Analysis**

A court may grant judgment as a matter of law "only when there is a complete absence of fact to support the verdict, so that no reasonable juror could have found for the nonmoving party." *Pouillon v. City of Owosso*, 206 F.3d 711, 719 (6th Cir. 2000), and may grant a new trial "only when a jury has reached a seriously erroneous result," such as when the verdict is "against the weight of the evidence" or the trial is "influenced by prejudice or bias." *Mike's Train House, Inc. v. Lionel, LLC,* 472 F.3d 398, 405 (6th Cir. 2006).

#### Motion for Judgment as a Matter of Law

The parties made cross-motions for judgment as a matter of law at the conclusion of the proof at trial. The court ruled that there existed questions of material fact in dispute and that neither party was entitled to judgment as a matter of law. Plaintiff argues that there was insufficient evidence to support the verdict in favor of the defendants. The court disagrees.

The defendants contended at trial that this action resulted from a misunderstanding between the parties. Plaintiffs contended that L.W. only wanted to read and discuss the Bible on the playground during lunchtime, and that school officials

2

prevented him from doing so. Defendants, on the other hand, contended that school officials believed that L.W. and his friends were asking officials to approve a formal Bible study class during the school day. School officials felt that a formal Bible study class, even if led by non-school faculty, would violate the Establishment clause, and the children were told they could not have a Bible study class.

Principal Summa testified that she said "no" to the request for an adult-led Bible study class. She testified that it was not until she spoke to Chad Sparks that she learned that the children were doing the Bible study on the playground during recess, and that she had misunderstood the children's intent. School Superintendent Lindsey testified that it was his understanding that Principal Summa had said no to an adult-led Bible study class. The testimony at trial supported the defense theory that the defendants misunderstood what the children were requesting when D.S. asked if they could have a Bible class. Moreover, the jury also heard testimony that L.W.'s parents did not talk to his teacher, Principal Summa, Superintendent Lindsey, or anyone at the Board of Education about the issue. Thus, it was reasonable for the jury to conclude, as did the court, that a true misunderstanding existed, and that plaintiffs' First Amendment rights were not violated.

### Knox Co. Policy of Defining Recess as Instructional Time

Plaintiffs argue that Knox County had a policy defining recess as instructional time, and that L.W.'s Bible study was stopped pursuant to that policy. Defendants respond that the evidence at trial established a question of fact as to whether Knox County had a

policy regarding recess as instructional time. Since the jury found that L.W.'s constitutional rights had not been violated, defendants assert that the jury answered the question in the negative. The court agrees.

The testimony at trial established that during recess, children were free to engage in any activity they desired on the playground, as long as they stayed in the vicinity, and did not violate school rules. Thus, whether Knox County defined recess as "instructional time" or non-instructional time, was not determinative of the factual question the jury had to answer – whether L.W.'s civil rights were violated. The jury found they were not.

Viewing the case as a whole, assessing each of the witnesses' credibility, and examining the content and detail of their testimony, the court is unable to conclude the jury's verdict is a "seriously erroneous result," *See Holmes,* 78 F.3d at 1046-47, or runs contrary to the "clear weight of the evidence." *See J.C. Wyckoff,* 936 F.2d at 1487 (stating a jury's verdict "should not be considered unreasonable simply because different inferences and conclusions could have been drawn or because other results are more reasonable"). Accordingly, the court finds that plaintiffs are not entitled to judgment as a matter of law.

Denial of Plaintiffs' Motion for a Bench Trial

Plaintiffs next argue that it was error for the court to submit this case to the jury, and instead, should have conducted a bench trial or used an advisory jury. The court has ruled on this issue on at least three prior occasions. Plaintiffs filed a complaint seeking

4

"an award of compensatory and/or nominal damages." Cathy Summa, in her individual capacity, timely demanded a jury in her answer to plaintiffs' complaint. Pursuant to F.R.C.P. 38(d), a demand for trial by jury may not be withdrawn without consent of the parties. The defendants did not consent, and in fact, objected to plaintiffs' request for a bench trial.

## Admission of Chad Sparks' Testimony

Plaintiffs next argue that the court erred in admitting the testimony of Chad Sparks. Sparks testified about conversations he had with Principal Summa and testified to what Summa told him. Plaintiffs contend that Sparks' testimony about what Summa said to Sparks is hearsay and inadmissible, under Fed.R.Evid. 801 and 802.

At trial, Principal Summa testified that she had two conversations with Sparks about the events involved in the lawsuit. The court limited Summa's testimony to the statements she made in these conversations. Sparks thereafter testified as to his statements made to Summa in the conversations. Sparks also testified as to the statements Summa made to him, which were admissible under Rule 801(d)(1)(B). Under Rule 801(d)(1)(B), "a statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive." Summa testified that she told Sparks that she had thought D.S. was taking about an adult-led Bible class, not a student Bible group on the playground during recess. Sparks testified that

5

Summa did in fact make the statements. The court finds Sparks' testimony was admissible to rebut plaintiffs' charge that Summa was fabricating what she knew at the time, or what she said and did during the discussion with D.S.

Refusal to Instruct the Jury Regarding Exhaustion of Administrative Remedies

Last, plaintiffs argue that it was error to refuse to charge the jury that exhaustion of administrative remedies was not necessary to substantiate a claim under § 1983. However, defendants did not argue at trial that plaintiffs were required by law to exhaust administrative remedies before the school board. Nor did plaintiffs submit evidence that they were/were not required to exhaust their administrative remedies. Accordingly, the court found that plaintiffs' requested jury instruction was irrelevant.

Conclusion

For the reasons stated above, the court **DENIES** plaintiffs' motion for judgment as a matter or law, or in the alternative, motion for a new trial [Doc. 290] in its entirety. The jury verdict is **AFFIRMED.**

**ENTER:**

s/ Thomas W. Phillips
United States District Judge